UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

CLIFFORD FRANCIS GOULD, JR,

    Defendant.
    _____/

Case No.  1:08-cr-186

HON. JANET T. NEFF

**OPINION AND ORDER**

Pending before the Court are the Government's Motion in Limine to Admit Evidence under Rule 413 of the Federal Rules of Evidence (Dkt 17) and Motion in Limine to Admit Evidence under Rule 414 of the Federal Rules of Evidence (Dkt 19).  The motion under FED. R. EVID. 413 seeks the admission of testimony from D.G., defendant's sister, regarding sexual assaults of her by defendant in the late 1980s when she was 15-16 years old and lived at home with her parents.  The motion under FED. R. EVID. 414 seeks the admission of testimony from five victims of alleged prior, uncharged child sexual assaults by defendant, all of whom are relatives of defendant and are now adults.  The supplemental motion under Rule 414 (Dkt 46) seeks the admission of testimony from another child, A.R., who was the victim of an alleged attempted sexual assault by defendant when she was 11 or 12 years old, during the same time period of the offenses against S.L. and K.L., charged in Counts 3-6 of this case.  The government requests that the Court indicate in advance of trial which of these witnesses will be permitted to testify.

The Court heard argument on these motions at a hearing on November 24, 2008, and subsequently at the Final Pretrial Conference on February 9, 2009. Following the November 24, 2008 hearing, the government filed a Supplemental Response to its motions (Dkt 66), listing the seven witnesses in order of importance: (1) S.J., cousin; (2) V.G., youngest sister; (3) D.G., sister; (4) S.Z., cousin; (5) J.M., cousin; (6) T.R., niece; and (7) A.R., recent attempted assault child victim.

Rules 413 and 414 are "'general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions . . .;" these rules "'supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b).'" *United States v. LeCompte,* 131 F.3d 767, 769 (8th Cir. 1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). While evidence admitted under Rules 413 and 414 is not subject to the restrictions of Rule 404(b), the general standards of the rules of evidence nevertheless apply, including the restrictions on hearsay and Rule 403. *United States v. Sumner,* 119 F.3d 658, 662 (8th Cir. 1997); FED. R. EVID. 413, Effective and Applicability Provisions.

When considering the admission of evidence under Rules 413 and 414, the court must apply the Rule 403 balancing test, under which the evidence is excluded if its probative value is substantially outweighed by the danger of unfair prejudice or one of the other factors enumerated under Rule 403, such as needless presentation of cumulative evidence. *United States v. Seymour,* 468 F.3d 378, 386 (6th Cir. 2006); *United States v. Guidry,* 456 F.3d 493, 503 (5th Cir. 2006).

"Rule 403, which balances the probative value of relevant evidence against the 'danger of unfair prejudice, confusion of the issues, or misleading the jury,' applies to evidence that would be otherwise admissible under either rule." *Seymour,* 468 F.3d at 385. Relevant factors that may be

considered in weighing the probative value against the prejudicial effect include (1) the similarity between the prior offenses and the charged offense, (2) the closeness in time of the prior acts to the current charges, (3) the "alleged frequency" of the prior acts, (4) the relationship of the victim to defendant, (5) gender and age similarities, and (6) the need for evidence beyond what is already offered. *Seymour,* 468 F.3d at 385-386. There is a presumption in favor of admissibility under these rules based on "'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *United States v. Gabe,* 237 F.3d 954, 959 (8th Cir. 2001) (quoting *LeCompte,* 131 F.3d at 769); *see also Seymour,* 468 F.3d at 386.

Applying the above standards, the Court determines that the testimony of (1) S.J., cousin; (2) V.G., youngest sister; (3) D.G., sister; (4) S.Z., cousin; and (5) J.M., cousin is admissible. However, the testimony of T.R., niece; and A.R., recent attempted assault child victim, will be excluded.

With regard to S.J., V.G., D.G., S.Z., and J.M., the Court finds much similarity between the prior offenses and the charged offenses in this case, both in terms of the victim characteristics and the circumstances of the sexual assaults. This case involves alleged sexual assaults of three child victims. The victims in this case are young girls and are close family friends of defendant, almost to the extent of being considered "family" to defendant. The prior victims, with the exception of D.G., were all young girls when the prior acts allegedly occurred. D.G., defendant's sister was a young teen at the time some of the acts occurred, she was petite, and the acts occurred over an extended period of time, which persuades the Court that the prior acts were similar in nature and circumstances to those alleged in this case.

The manner and place of the prior acts alleged to have taken place are also very similar to those alleged to have occurred with the prior victims. The current victims allege instances of penile-vaginal penetration, of digital penetration, and of touching. Similar acts are alleged to have occurred with respect to the prior victims and were repetitive or of extended duration. Defendant is alleged to have isolated the prior victims to take advantage of them sexually, as in this case.

Given the young age and lack of emotional maturity of the child victims in this case, there is a demonstrated need for the evidence of the alleged prior acts. Further, although there has been a significant lapse in time since the prior acts alleged by S.J., V.G., D.G., S.Z., and J.M., the Court is not persuaded that this lapse undermines the relevance or admissibility of the evidence. While the remoteness would normally lessen the probative value of such testimony, the Court finds that less true in this case, because of the pervasiveness of defendant's conduct. The courts have not been reluctant to permit evidence of prior acts as old as 15 or 20 years. *See Gabe,* 237 F.3d at 959 (witness testified that the defendant sexually abused her some twenty years earlier); *see also United States v. Larson,* 112 F.3d 600, 605 (2d Cir. 1997) (sex abuse occurring 16-20 years before trial admissible under Rule 414). "When Rule 414 was enacted, Congress expressly rejected imposing any time limit on prior sex offense evidence." *Gabe,* 237 F.3d at 960. Accordingly, the Court concludes that the testimony of S.J., V.G., D.G., S.Z., and J.M. is relevant and admissible when weighed under balancing test of Rule 403.

However, with regard to the testimony of T.R., defendant's niece, and A.R., the recent attempted assault child victim, the Court concludes that this testimony is cumulative of the other victim testimony and of less probative value, such that it is inadmissible under Rule 403. The Court observes that T.R. indicated that she did not have a clear recollection of the prior act, which occurred

when she was approximately five years old.  With respect to A.R., the Court notes that the alleged act involved a single incident of an attempted assault.  Accordingly, the testimony T.R. and A.R. is excluded.

The above conclusions and rulings concerning the proposed victim testimony are necessarily dependent on the government's representations of the specific circumstances of the alleged prior acts and the witnesses' anticipated testimony.  The Court notes minor discrepancies in the record, which cannot be reconciled at this time.  Therefore, the above rulings are subject to the witness testimony at trial comporting to the government's representations, and either party may request that the court revisit these issues at the time of trial.

**THEREFORE, IT IS ORDERED** that the Motion in Limine to Admit Evidence under Rule 413 of the Federal Rules of Evidence (Dkt 17) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion in Limine to Admit Evidence under Rule 414 of the Federal Rules of Evidence (Dkt 19) is GRANTED IN PART AND DENIED IN PART as provided above.

**IT IS FURTHER ORDERED** that the above rulings are subject to reconsideration during trial; either party may request a redetermination of the admissibility or inadmissibility of the testimony of any of the above proposed witnesses upon a showing that reconsideration is warranted on the basis of the evidence at trial or the circumstances of this case.

Date: February 10, 2009.                    /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge